IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAN S. HAGGIN and TENDAI C. HAGGIN,  Plaintiffs,  v.  CARRINGTON MORTGAGE SERVICES, LLC,  Defendant. | CIVIL ACTION FILE NO. 1:15-CV-4393-SCJ |

## ORDER

This matter appears before the Court on Plaintiffs' motion for temporary restraining order [2].

Proceeding pro se, Plaintiffs file the instant complaint which "cross-references" proceedings in Bulloch County Magistrate Court, State Court, and Superior Court. Plaintiffs make various allegations, seeking inter alia to both enjoin and set aside an allegedly wrongful foreclosure of Property located at 1298 Banks Dairy Road, Portal, Georgia, 30450, as well as Defendant's state court dispossessory action. Plaintiffs also file a motion for temporary restraining order for purposes not entirely clear to the Court.

It appears from Plaintiffs' complaint that the Property was sold at foreclosure in April 2015. See Cmplt., ¶ 10. A dispossessory action was filed in July 2015 and

a writ of possession has already been issued, apparently in October 2015. See Cmplt., ¶¶ 6-8, 11. It is not clear to the Court whether an eviction has occurred or if it is pending.

To the extent that the writ of possession has already been executed, the Court finds that it "is powerless to enjoin what has already occurred." Yates v. GMAC Mortg. LLC, Civil Action No. 1:10-CV-02546, 2010 WL 5316550, *2 (N.D. Ga. Dec. 17, 2010). Furthermore, in the absence of allegations showing the date of the execution of the writ of possession, it does not appear that the alleged potential threat of eviction is an emergency or that there will be irreparable injury in the absence of the issuance of a temporary restraining order, so as to justify the issuance of a temporary restraining order. See Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1035 (11th Cir. 2001) (holding that a temporary restraining order is appropriate where (1) there is a substantial likelihood of success on the merits; (2) the temporary restraining order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm that the temporary restraining order would cause to the non-movant; and (d) the temporary restraining order would not be averse to the public interest); Schmitt v. Reimer, No. CV 110-102, 2010 WL 3585187, at *1 (S.D. Ga. Sept. 14, 2010) ("Both temporary restraining orders and preliminary injunctions are extraordinary remedies that are 'not to be granted unless the movant

AO 72A
(Rev.8/82)

clearly establishes the 'burden of persuasion' as to each of the four prerequisites.'"); and In re Suarez, 98 B.R. 59, 60 (Bankr. M.D. Fla. 1989) ("The Court has considered the Motions, together with the record and inasmuch as the foreclosure sale has been cancelled and has not been rescheduled, this Court is satisfied that the Motion for Temporary Restraining Order should be denied as moot.").

Furthermore, the Court notes that Plaintiffs have been litigating these matters in the United States District Court for the Southern District of Georgia. Most recently, Plaintiffs, Jan and Tendai Haggins, filed suit against Carrington Mortgage Services, LLC, and MERS, in Superior Court of Bulloch County which Defendants removed to the Southern District of Georgia. See Haggins v. Carrington Mortgage Services, LLC, Civil Action No. 6:15-CV-39 (S.D. Ga. 2015) (removal of Superior Court Civil Action No. SU15CV087T).[1] The court granted with prejudice Defendants' motion to dismiss in that case. See Civil Action No. 6:15-CV-39, Docket Entry [9]. On October 26, 2015, the court also denied Plaintiffs' motion to vacate and set aside wrongful foreclosure and dispossessory action. See id., Docket Entry [12].

---

[1] Although Plaintiffs list their last name in the instant litigation as "Haggin," it is clear that the parties and the Property are the same as those at issue in Haggins v. Carrington Mortgage Services, LLC, Civil Action No. 6:15-CV-39 (S.D. Ga. 2015).

Jan and Tendai Haggins also removed from state court an eviction action filed against them by Carrington Mortgage, styled as <u>Carrington Mortgage v. Jan and Tendai Haggins</u>, Civil Action No. 6:15-CV-61 (S.D Ga. 2105) (removal of case from Bulloch County Magistrate Court Case No. 04-15-83087).  This action raised substantially the allegations Plaintiffs raise here.  On July 10, 2015, The court granted Defendants motion to remand that case.  <u>See</u> Civil Action No. 6:15-CV-61, Docket Entry [7].

For the foregoing reasons, the Court DENIES Plaintiffs' motion for temporary restraining order [2] with leave to renew upon changed circumstances.  Pursuant to Standing Order No. 14-01, the Court hereby REFERS this civil action to the next available magistrate judge for all further pre-trial matters.

**IT IS SO ORDERED** this 18th day of December 2015.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

4

AO 72A
(Rev.8/82)